ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT McGEHEE | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | |
| LOWE'S HOME CENTERS, INC. d/b/a | § | |
| LOWE'S HOME IMPROVEMENT | § | 3-09CV2373-N |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Albert McGehee files this Original Complaint and Jury Demand against Defendant Lowe's Home Improvement, alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, as amended September 25, 2008 by the ADA Amendments Act of 2008 ("ADA"), and the Texas Labor Code § 21.051 *et seq.* For causes of action, Plaintiff would show the Court as follows:

**I. PARTIES, JURISDICTION, AND VENUE**

1.  Defendant Lowe's Home Centers, Inc. d/b/a Lowe's Home Improvement ("Lowe's" or "Defendant") is a North Carolina corporation that is qualified to business and is doing business in the State of Texas at numerous locations, including the Lowe's Home Improvement Center at 5001 Central Expressway, Plano, Texas 75023 (the "Plano store"). Lowe's may be served with process upon its registered agent Corporate Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

2.  Plaintiff Albert McGehee ("McGehee") is a Texas citizen and resides in Royse City, Texas.

used a wheelchair, excelled at his job and consistently out-sold his co-workers. His amputation never prevented him from successfully performing his job duties as a sales specialist.

9. McGehee's employment with Lowe's was successful and uneventful under Stevens' management.

10. That all changed in mid-2008, when Brad Harvey replaced Stevens as manager of the Plano store. Almost immediately after becoming the Plano store's manager, Harvey began to "write up" McGehee for perceived ordering mistakes, regardless of the fact that McGehee processed orders in accordance with the customer's request, and despite McGehee's continued exemplary sales performance. Between September and November 2008, Harvey issued a "write up" to McGehee approximately every 30 days.

11. In January, Harvey wrote up McGehee for clicking on the wrong-sized door when completing an order on the store's computer system. On January 7, 2009, Harvey terminated McGehee's employment citing an alleged store margin loss and the prior write ups.

12. Harvey treated McGehee differently than the other sales specialists and held McGehee to a higher standard. Lowe's stated reason for terminating McGehee is false and pretextual because Harvey did not hold any other employees up to the rigorous standards he imposed on McGehee.

13. At the Lowe's Plano store, whenever an employee makes an ordering mistake resulting in the delivery of special-order products that are not purchased by the customer for whom they were originally ordered, Lowe's offers this stock at a reduced price as "returned" items.

14. While Harvey and Lowe's claim that McGehee made an ordering mistake that cost the company $2000, other sales specialists made more significant and more costly ordering mistakes and were not written up or terminated.

15. For example, another sales specialist working in the Millwork area made multiple ordering mistakes during the same time period and was not written up. This sales specialist, who was not physically impaired, was well-known for keeping a cart of "return" items (items from orders he had botched) out on the Lowe's floor, offered for sale at a fraction of the original price. However, Harvey did not write up the non-physically impaired sales specialist for the numerous ordering mistakes.

16. Since Harvey began as Plano's store manager, the non-physically-impaired sales specialist also ordered three of the wrong door, which the customer could not use. Each of these doors cost $3000. As with his other ordering mistakes, this non-physically-impaired sales specialist offered the doors as "returns" at a steep discount. In fact, an assistant store manager purchased one of the $3000 doors for $500. However, Harvey did not write up the non-physically-impaired sales specialist, allege that he had caused a $9000 store margin loss, or terminate this sales specialist's employment.

17. On September 14, 2009 the U.S. Equal Employment Opportunity Commission issued a notice of right to file a civil action concerning Plaintiff's charge of discrimination. This suit is filed less than 90 days after McGehee received the notice of right to sue. Plaintiff has satisfied all jurisdictional prerequisites to this suit.

### III. FIRST CAUSE OF ACTION – DISCRIMINATION UNDER THE ADA

18. Paragraphs 1 through 17 are reincorporated as if fully restated here.

19. Lowe's actions as described herein constitute unlawful discrimination on the basis of McGehee's disability in violation of the ADA. These actions constituted a continuing violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

20. As a result of the unlawful discriminatory actions of Defendant as described above, Plaintiff has suffered and will suffer actual damages in the form of lost wages, both past and future, and lost employment benefits, for which he hereby sues.

21. As a further result of Defendant's discriminatory actions, Plaintiff has suffered non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages, for which he hereby sues.

22. At all times relevant to this action, Defendants acted with malice or reckless indifference to Plaintiff's federally-protected rights, thus entitling Plaintiff to punitive damages under the ADA.

23. To redress the injuries sustained by McGehee on account of Lowe's actions, McGehee has retained the undersigned counsel to represent him in this action. McGehee therefore seeks recovery of his reasonable attorneys' fees, experts' fees and costs under 42 U.S.C. § 2000e-5(k).

### IV. SECOND CAUSE OF ACTION – DISCRIMINATION UNDER THE TCHRA

24. Paragraphs 1 through 23 are reincorporated as if fully restated here.

25. Lowe's actions as described herein constitute unlawful discrimination on the basis of McGehee's disability in violation of the ADA. These actions constituted a continuing violation of the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001 *et seq*.

26. As a result of the unlawful discriminatory actions of Defendant as described above, Plaintiff has suffered and will suffer actual damages in the form of lost wages, both past and future, and lost employment benefits, for which he hereby sues.

27. As a further result of Defendant's discriminatory actions, Plaintiff has suffered non-pecuniary losses, including but not limited to emotional pain, suffering, inconvenience, personal

humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages, for which he hereby sues.

28. At all times relevant to this action, Defendants acted with malice or reckless indifference to Plaintiff's state-protected rights, thus entitling Plaintiff to punitive damages.

29. Plaintiff seeks attorneys' fees and costs of suit under Texas Labor Code § 21.259.

## V. JURY DEMAND

30. McGehee hereby demands a jury trial on all issues, claims, actions, and defenses in this case.

## VI. PRAYER FOR RELIEF

WHEREFORE, McGehee requests that Lowe's be summoned to appear and answer, and that on final trial, judgment be granted against Lowe's awarding McGehee the following:

a. Back pay, including but not limited to lost wages, overtime pay, and other employment benefits;

b. Reinstatement and/or front pay and benefits in lieu of reinstatement if reinstatement is not feasible;

c. Actual damages;

d. Compensatory damages;

e. Punitive Damages;

f. Prejudgment and post-judgment interest, in the maximum amount allowed by law;

g. Attorneys' fees, expert fees, and costs of suit; and

h. Such other and further legal and equitable relief to which Plaintiff may be justly entitled.

                    Respectfully submitted,

                    GILLESPIE, ROZEN & WATSKY, P.C.
                    3402 Oak Grove Avenue, Suite 200
                    Dallas, Texas 75204
                    Phone: (214) 720-2009
                    Fax:    (214) 720-2291

Dated: December 11, 2009        By: _____
                                          Yona Rozen
                                          State Bar No. 17358500
                                          yrozen@grwlawfirm.com
                                          M. Jeanette Fedele
                                          State Bar No. 24040887
                                          jfedele@grwlawfirm.com

                                          ATTORNEYS FOR PLAINTIFF ALBERT MCGEHEE